Filed 4/15/21  P. v. Nelson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C090764 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2010-0004450, SC040989A) |
| v. | |
| LASCHELL GENISE NELSON, | |
| Defendant and Appellant. | |

In October 1988, defendant Laschell Genise Nelson pleaded no contest to murder, stipulating to the preliminary hearing transcript as the factual basis for her plea. In accordance with her plea, the trial court sentenced defendant to an indeterminate term of 15 years to life in state prison.

In September 2019, defendant filed a petition for resentencing under newly enacted Penal Code section 1170.95.[1] The trial court found defendant ineligible for relief in a written order, entered without eliciting any response from the People or holding a hearing.

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant now contends the trial court erred when it engaged in fact-finding without appointing counsel or affording the parties an opportunity to file additional briefing. The People agree the matter should be remanded for further proceedings, and we do too.

BACKGROUND

In September 2019, defendant filed a petition to vacate her conviction pursuant to section 1170.95 and attached her own declaration. In her declaration, defendant checked the boxes to indicate (1) a complaint, information, or indictment was filed against her that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, and she pleaded no contest to first or second degree murder in lieu of going to trial because she believed she could have been convicted of either crime "pursuant to the felony murder rule or the natural and probable consequences doctrine." Defendant also checked the box to indicate that she "could not now be convicted of murder because of changes to Penal Code § 188, effective January 1, 2019." In addition, defendant asked that counsel be appointed for the resentencing process. The record on appeal does not show that the prosecution responded substantively to defendant's petition.

The trial court denied defendant's petition. In a written decision, the trial court summarized the evidence adduced at the preliminary hearing, noting that there was evidence defendant agreed to have sex with the victim while her codefendant stole money from him. According to the evidence, the victim was killed by blunt force trauma to the head; some evidence indicated defendant struck the victim with a baseball bat, while other evidence indicated her codefendant struck the blow. The trial court quoted testimony from defendant and also from the codefendant, each confessing to killing the victim. Nevertheless, based on the preliminary hearing transcript, the trial court found that defendant was "an actual perpetrator and was a major participant in the crime and

2

acted with willful indifference to human life." The trial court concluded defendant is not entitled to relief under section 1170.95, subdivision (b)(1).

## DISCUSSION

Defendant claims the trial court erred when it engaged in fact-finding without appointing counsel or affording the parties an opportunity to file additional briefing. The People agree. The People seek remand for immediate appointment of counsel, to be followed by a briefing order and further proceedings under section 1170.95 that may be required following consideration of briefing. Defendant argues that this court should review the prima facie determination de novo and order immediate issuance by the trial court of an order to show cause. We will remand for immediate appointment of counsel, followed by briefing and any subsequent proceedings that may be deemed necessary by the trial court.

## A

"Under prior California law, a defendant who aided and abetted a crime, the natural and probable consequence of which was murder, could be convicted not only of the target crime but also of the resulting murder. (*People v. Chiu* (2014) 59 Cal.4th 155, 161.) This was true irrespective of whether the defendant harbored malice aforethought. Liability was imposed ' "for the criminal harms [the defendant] . . . naturally, probably, and foreseeably put in motion." [Citations.]' (*Id.* at pp. 164-165, italics omitted.)" (*In re R.G.* (2019) 35 Cal.App.5th 141, 144.)

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017-2018 Reg. Sess.). Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Effective January 1,

3

2019, the legislation amended sections 188 and 189 and added section 1170.95 to the Penal Code.

Senate Bill No. 1437 "redefined 'malice' in section 188. Now, to be convicted of murder, a principal must act with malice aforethought; malice can no longer 'be imputed to a person based solely on [his or her] participation in a crime.' (§ 188, subd. (a)(3).)" (*In re R.G., supra*, 35 Cal.App.5th at p. 144.)

The new section 1170.95 permits those convicted of felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and to be resentenced on any remaining counts where: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Once a complete petition is filed, section 1170.95, subdivision (c) sets forth the trial court's responsibilities: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

B

Section 1170.95, subdivisions (b) and (c) create a three-step process for evaluating a petitioner's eligibility for relief. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 327-

330, review granted Mar. 18, 2020, S260493 (*Verdugo*); accord *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177, review granted June 24, 2020, S262011.)  First, the trial court determines whether the petition is facially sufficient under section 1170.95, subdivision (b)(2).  (*Verdugo,* at pp. 327-328.)  To do this, the trial court verifies that the petition contains the information required under section 1170.95, subdivision (b)(1), and supplies any missing information that can be ascertained from the record of conviction. (*Verdugo,* at pp. 328-330.)

If the petition is facially sufficient, then in the second step, the trial court determines under section 1170.95, subdivision (c) whether the petitioner has made "a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).)  The Court of Appeal for the Second District, Division 7, has described this inquiry as "a preliminary review of statutory eligibility for resentencing, a concept that is a well-established part of the resentencing process under Propositions 36 and 47." (*Verdugo, supra,* 44 Cal.App.5th at p. 329, review granted.)  "The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Ibid.*)  In making this inquiry, the trial court may again examine the record of conviction.  (*Id.* at pp. 322-323, 329-330, 333.)

If the trial court determines that the petitioner is not ineligible for relief as a matter of law, the evaluation of the petition proceeds to the third step, a "second prima facie review," in which "the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo, supra,* 44 Cal.App.5th at pp. 328, 330, review granted.)  In this second prima facie review, the trial court must take the petitioner's factual allegations as true and make a preliminary assessment whether he or she would be entitled to relief if they were proved.  (*Id.* at

5

p. 328; see also *People v. Drayton* (2020) 47 Cal.App.5th 965, 976 [in the second prima facie review, "the trial [court] considers whether the petitioner has made a prima facie showing of *entitlement to* (rather than eligibility for) relief" (original italics)].)

"If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95[, subdivision (a)], then the trial court should issue an order to show cause. [Citation.] Once the trial court issues the order to show cause under section 1170.95[, subdivision (c)], it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, [subdivision] (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. [Citation.] Notably, following the issuance of an order to show cause, the burden of proof will shift to the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*People v. Drayton, supra*, 47 Cal.App.5th at pp. 980-981.) Both the prosecution and the defense may rely on the record of conviction or may offer new or additional evidence. (§ 1170.95, subd. (d)(3).)

C

Here, the trial court denied defendant's petition after reviewing preliminary hearing transcripts. But it appears the trial court engaged in fact-finding without appointing counsel or affording the parties an opportunity for briefing. The trial court determined the facts presented in the court's file were sufficient to establish that defendant "was an actual perpetrator and was a major participant in the crime and acted with willful indifference to human life . . . ." Given the mixed evidence in the record, however, the trial court should not have summarily denied her petition. We will remand the matter for immediate appointment of counsel, followed by briefing and any subsequent proceedings that may be deemed necessary by the trial court.

6

DISPOSITION

The trial court's postconviction order denying defendant's resentencing petition is reversed and the matter is remanded with directions to immediately appoint counsel for defendant, permit briefing by the parties, and conduct further proceedings that may be deemed necessary by the trial court consistent with this opinion and section 1170.95.


                                             /S/
                                       MAURO, J.


We concur:


    /S/
RAYE, P. J.


    /S/
DUARTE, J.